## CIVIL AGENCY, etc., v. KUHN et al.
### No. 14394.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

For former opinion, see 145 So. 564.

Joseph A. Casey, of New Orleans, for appellant.

Montgomery, Jones & Kehl, and James J. Landry, all of New Orleans, for appellees.

WESTERFIELD, Judge.

Upon reconsideration we have concluded to affirm the judgment of the trial court in this matter, being of opinion, as was the trial judge, that the issue of fact involved must be resolved in the negative in view of the fact that the burden of proof concerning the validity of defendant's signature rested upon plaintiff and appellant.

Our former decree is recalled and set aside, and it is now ordered that the judgment appealed from be affirmed.

Original decree recalled; judgment appealed from affirmed.

## Charles P. WAGNER, Plaintiff and Appellee, v. I. V. SHANNON, Defendant and Appellant.
### No. 14327.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

C. L. Johnson, of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

PER CURIAM.

This is an action for damages for malicious prosecution and false imprisonment. There was judgment below in plaintiff's favor for $1,600.

When the case was called for argument, counsel for defendant and appellant filed a motion to transfer the case to the Supreme Court, alleging that the case had been appealed to this court in error; the proper jurisdiction being in the Supreme Court under the provisions of article 7, section 10, of the Constitution of 1921.

The motion should prevail. See Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591. Therefore, upon the authority conferred upon us by Act No. 19 of 1912, it is ordered, adjudged, and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court and the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.